IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **WILLIE FRANK WRIGHT, JR.,** : | |
| : | |
| **Plaintiff,** : | |
| : | NO. 5:10-CV-272 (CAR) |
| VS. : | |
| : | |
| **OFFICER LANGFORD,** *et al.,* : | |
| : | Proceedings Under 42 U.S.C. §1983 |
| **Defendants.** : | Before the U.S. Magistrate Judge |
| : | |

### RECOMMENDATION TO DISMISS

Before the Court is a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment filed by Defendant Dr. Theron Harrison. Doc. 18. For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED**.

FACTUAL AND PROCEDURAL BACKGROUND

At the time of the alleged conduct giving rise to this action, Plaintiff was a pretrial detainee confined at the Baldwin County Jail. At that time, Defendant Dr. Theron Harrison, a private physician under contract with Baldwin County, provided medical care to the jail's inmates. On motion to dismiss, the Court must accept the allegations in the Complaint as true and construe them in the light most favorable to the Plaintiff. American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). To survive a motion to dismiss, the Complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Id. (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).

According to the Complaint, the facts of this case are as follows: On May 6, 2010, Plaintiff was involved in a physical altercation with another inmate. After the altercation was broken up, Plaintiff was handcuffed by Defendant Langford. In response to his complaint that the handcuffs

were too tight, Langford allegedly jerked the Plaintiff's arms up behind him and told him to "man up." Plaintiff was then taken the jail's booking area where the handcuffs were removed and he was placed in a holding cell. He was examined by a jail nurse, who told him the doctor would order x-rays. Plaintiff remained in the holding cell and was also given an ice pack. The following day, Plaintiff was taken to the hospital and given an x-ray. The results of this x-ray revealed that Plaintiff had a minor wrist fracture.

Plaintiff contends that he remained in "the hole" for five days before Dr. Harrison would see him. On May 11, 2010, Plaintiff was finally examined by Dr. Harrison. After his examination and review of the x-ray report, Dr. Harrison referred Plaintiff to an orthopedic specialist. On May 12, 2010, Plaintiff was examined by an orthopedic specialist and fitted with a wrist brace. When Plaintiff returned from the orthopedist, Nurse Hargroven removed the plastic supports from Plaintiff's wrist brace, allegedly at Dr. Harrison's direction.

On June 20, 2010, Plaintiff filed the instant Complaint, alleging that Dr. Harrison was deliberately indifferent to his serious medical needs. For relief, Plaintiff requests damages in the amount of five million dollars as well as injunctive relief.

## DISCUSSION

Plaintiff allegations of deliberate indifference on the part of Dr. Harrison are sufficient to state a claim for which relief can be granted. To establish a violation of the Eighth or Fourteenth Amendment related to medical treatment, a prisoner must allege acts or omissions sufficiently harmful to evidence "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To show deliberate indifference, the prisoner must satisfy both an objective and a subjective component. Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994) ), *overruled in part on other grounds,* Hope v. Peltzer, 536 U.S. 730 at 739 (2002), (citing Wilson v. Seiter, 501 U.S. 294 (1991) (subjective component), Whitley v. Albers, 475 U.S. 312

(1986)(subjective component), and Rhodes v. Chapman, 452 U.S. 337 (1981)(objective component). With regard to the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). With respect to the subjective component, a prisoner must allege, and ultimately prove, three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.1999). As these requirements make clear, in the context of a 42 U.S.C. §1983 lawsuit, "mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" are not actionable. Taylor, 221 F.3d at 1258.

Plaintiff's Complaint sets forth sufficient factual allegations to establish a plausible claim for relief with regard to his claim of deliberate indifference to serious medical needs. The Complaint indicates that Plaintiff suffered a broken wrist as a result of Officer Langford's actions. An x-ray confirmed that the wrist was broken. At the pleadings stage, at the very least, a broken wrist can be considered a "serious medical need." A broken wrist, if left untreated, can result in permanent physical injury and can cause serious pain. The Complaint alleges that Dr. Harrison disregarded that risk and waited five days to pay any attention to Plaintiff. Then, after an orthopedic specialist prescribed a wrist brace, Dr. Harrison ordered the plastic supports removed. These allegations, if accepted as true, are sufficient to create a plausible claim that Dr. Harrison's conduct was more than mere negligence. The facts alleged in the Complaint could support a conclusion that Dr. Harrison "exhibited complete indifference" to Plaintiff's condition and that he "callously and cavalierly ignored" the results of Plaintiff's x-ray and the prescription of the orthopedic specialist.

Defendant Harrison has moved, in the alternative for summary judgment. He has submitted his own four-page affidavit, which is largely consistent with the Complaint. Dr. Harrison

acknowledges that he did not examine Plaintiff until five days after the incident in question and four days after the x-ray was received.  He does not offer a reason for the delay, although he describes Plaintiff's injury as a minor fracture.  Dr. Harrison denies that he ever "interfere[d] with Plaintiff's medical treatment once it had been described."  Harrison Aff. ¶ 15 (Doc. 18-3).

Defendant's Motion for Summary Judgment is premature.  Discovery had not closed at the time the motion was submitted, and the motion does not present a sufficient factual record to meet a movant's burden on motion for summary judgment.  Dr. Harrison's Affidavit, by itself, is insufficient to "demonstrate the absence of a genuine issue of material fact."  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  There are no medical records in the record of this case.  Plaintiff's deposition was taken three months after the motion was filed, and was filed in the record of the Court two months after that.  The Court cannot grant summary judgment on such a record, even if it had been filed at a more appropriate time.

Because Plaintiff's Complaint sets forth sufficient factual allegations to create a plausible claim of deliberate indifference to serious medical needs and because Defendant has failed to show that there are no genuine issue of material fact, **IT IS RECOMMENDED** that Defendant Harrison's Motion to Dismiss be **DENIED**.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 2nd day of September, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
