IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIE FRANK WRIGHT, JR., : | |
| : | |
| Plaintiff, : | |
| v. : | |
| : | NO. 5:10-CV-272 (CAR) |
| OFFICER LANGFORD, *et al.*, : | |
| : | |
| Defendants : | |
| : | |

## ORDER ON REPORT AND RECOMMENDATION

This matter comes before the Court on the United States Magistrate Judge's Report and Recommendation [Doc. 36] that Defendant Dr. Theron Harrison's Motion to Dismiss, or in the alternative, Motion for Summary Judgment [Doc. 18] be denied. Defendant Harrison filed a timely Objection to the Recommendation. [Doc. 37]. Thus, pursuant to 28 U.S.C. § 636(b)(1), this Court has thoroughly considered both the Recommendation and Objection and has made a *de novo* determination of the portions of the Recommendation to which Defendant objects.[1] After careful consideration, this

---

[1] Defendant did not object to the Magistrate Judge's Recommendation to deny Defendant's Motion to Dismiss. Accordingly, this Court will only address the portion of the Recommendation that Defendant did object to, namely, the denial of Defendant's Motion for Summary Judgment.

1

Court agrees with the United States Magistrate Judge and finds that there are genuine issues of material fact that preclude summary judgment and require trial of this case on the merits. The Recommendation of the United States Magistrate Judge is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**.

ARGUMENT AND ANALYSIS

In his Objection, Defendant asserts that the United States Magistrate Judge clearly erred in finding that there was a genuine issue of material fact regarding whether Defendant had the subjective mental state required for a deliberate indifference claim. According to Defendant, the Magistrate Judge "misinterpreted and misapplied" Rule 56 of the Federal Rules of Civil Procedure and the standards enunciated in Celotex Corporation v. Catrett, by using unsworn allegations as its basis for denying summary judgment. Defendant further argues that the Magistrate Judge held Defendant to an erroneous evidentiary burden and failed to consult portions of the record that would have resolved the disputed issues. This Court disagrees and finds that Defendant's argument is flawed in several respects.

To begin, it is clear from the Recommendation that the Magistrate Judge does

2

have a clear understanding of Rule 56—maybe more so than Defendant. In his Objection, Defendant claims that the Magistrate Judge "simply exempt[ed] a pro se litigant from complying with the law" by "tacitly treat[ing] the allegations in Plaintiff's complaint and the allegations in [Plaintiff's] summary-judgment response brief as sufficient to create a genuine dispute [of] material fact." This is incorrect. Indeed, as the Recommendation clearly states, "Dr. Harrison's Affidavit, by *itself*, is insufficient to demonstrate the absence of a genuine issue of material fact." [Doc. 36] (emphasis added). In support of his motion for summary judgment, Defendant identified only one piece of evidence—Dr. Harrison's affidavit. The Magistrate Judge considered that evidence and found not only that it was insufficient to show an *absence* of a genuine issue of material fact, but also that the Affidavit, in and of itself, was sufficient to *create* a genuine issue of material fact within Plaintiff's inadequate medical treatment claim.[2] This Court agrees.

    The undisputed facts are as follows: Plaintiff suffered a broken wrist following

---

[2] In his Objection, Defendant raised arguments to address Plaintiff's "delayed-treatment claim." To resolve any remaining ambiguity, the Court finds that Plaintiff asserts an inadequate medical treatment claim, not a delayed treatment claim. Plaintiff does not claim that the five-day delay in treatment caused his serious medical need. Rather, Plaintiff asserts that his broken wrist was a serious medical need for which he received constitutionally inadequate care shown by the five-day delay.

a fight on May 6. [Doc. 18-3 Harrison Aff. 6]. Defendant did not examine Plaintiff that day. [Doc. 18-3 Harrison Aff. 7]. Instead, Defendant spoke with a jail nurse and ordered an x-ray of Plaintiff's hand and instructed that Plaintiff continue taking previously prescribed pain medication. [Doc. 18-3 Harrison Aff. 7, 8]. Defendant did not review the x-ray or examine Plaintiff until May 11, *five days after* ordering the x-ray. [Doc. 18-3 Harrison Aff. 10]. Upon review of the x-ray and examination of Plaintiff on May 11, Defendant immediately arranged for Plaintiff to be seen by an orthopedic specialist the next day. [Doc. 18-3 Harrison Aff. 10].

Defendant is thus incorrect when he argues that "nothing in the record could permit a reasonable juror to conclude that [Defendant] deliberately disregarded a substantial risk of serious harm . . . that [Defendant] knew about." Defendant's Affidavit alone creates an issue of fact as to whether Defendant had subjective knowledge of Plaintiff's injury. As evidence that Defendant did not have subjective knowledge of a serious risk of harm,[3] Defendant points to the fact that the Nurse told

---

[3] Defendant does not take issue with the Magistrate Judge's recommendation that a broken wrist could be considered a serious medical need, and this Court agrees. See Brown v. Hughes, 894 F.2d 1533, 1538, n.4 (11th Cir. 1990) (holding that a prisoner's broken foot constituted a serious medical need and noting that evidence of a recent traumatic injury has also been sufficient to demonstrate a serious medical need).

him that Plaintiff was "experiencing soreness" in his wrist, and that he ordered Plaintiff to continue taking previously prescribed pain medications. [Doc. 18-3 Harrison Aff. 6, 7]. However, Defendant's additional act of ordering an x-ray suggests that Defendant might have known about the substantial risk of a fracture. [See Doc. 18-3 Harrison Aff. 8]. Defendant would not have ordered an x-ray but for the purpose of determining whether a bone was fractured in Plaintiff's wrist. Accordingly, Defendant must have consciously recognized the risk that Plaintiff's wrist was broken. This discrepancy within Defendant's own Affidavit is sufficient to create a genuine issue of material fact regarding his subjective knowledge of the severity of Plaintiff's injury.

Inasmuch, Defendant's Affidavit also establishes an issue of fact as to whether the decision to wait five days before examining the x-ray and Plaintiff is evidence of deliberate indifference. In Brown v. Hughes, when a prisoner's broken foot was left untreated for several hours, the Eleventh Circuit held that "an unexplained delay of hours in treating a serious injury states a prima facie case of deliberate indifference." 894 F.2d 1533, 1538 (11th Cir. 1990). The court additionally noted that delayed

treatment, no matter how brief, would "render defendants liable as if they had inflicted the pain themselves." Id. at 1538.

Here, Defendant neither examined Plaintiff's x-ray nor Plaintiff himself until five days after he ordered the x-ray of Plaintiff's wrist. [Doc. 18-3 Harrison Aff. 10]. There is no indication in the record that anyone else looked at the x-ray and informed Defendant that the injury was too minor to merit his attention. Certainly, if several hours of delayed treatment for a broken foot constituted deliberate indifference in Brown, then five days of delayed treatment would also constitute deliberate indifference in this case. Furthermore, a "less efficacious course of treatment," as could be shown by prescribing pain medication to treat Plaintiff's potentially broken wrist and not examining the x-ray of his wrist for five days, has also been recognized in our Circuit as "deliberate indifference." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

Accordingly, a reasonable jury could conclude that a broken wrist is a serious medical need, and that Defendant was subjectively aware of the serious medical need based on his decision to refer Plaintiff to the emergency room for an x-ray. A

6

reasonable jury could also conclude that a medical doctor's decision to wait five days to review the results of an x-ray that he ordered is more than mere negligence and is evidence of deliberate indifference to a serious medical need.

In finding that a genuine issue of material fact exists, the Magistrate Judge clearly did not, as Defendant contends, "betray a misunderstanding" of <u>Celotex Corporation v. Catrett</u> and "what a moving party must do to satisfy his initial responsibility under Rule 56." The Magistrate Judge also did not hold Defendant "to an evidentiary standard that the law does not impose." The Recommendation properly states and applies the summary judgment standard enunciated in <u>Celotex</u> and Rule 56. <u>See</u> 477 U.S. 317 (1986). Under <u>Celotex</u> and Rule 56, the moving party must "identify those portions of the pleadings, *depositions*, . . . [and] the affidavits, if any, [that] demonstrate the absence of a genuine issue of material fact" in order to satisfy his initial responsibility. 477 U.S. at 323 (emphasis added). Defendant did not do that here. Thus, it is Defendant who misunderstands <u>Celotex</u> by asserting that "[t]hat's exactly what [Defendant] did in his summary judgment brief."

In his Objection, Defendant implies that the Magistrate Judge ignored evidence

in the record that would dissolve any dispute of material fact. Specifically, Defendant contends that "[h]ad [Plaintiff's] testimony been consulted (there's no indication that it was), the magistrate judge would have discovered that it fails to create a genuine dispute about the material fact of [Defendant's] subjective knowledge of a substantial risk of serious harm, and that as a result no reasonable jury could have returned a verdict in favor of [Plaintiff]." However, the Magistrate Judge had no obligation to consult Plaintiff's testimony. Defendant did not identify, cite, or otherwise reference Plaintiff's deposition as evidence in support of his motion for summary judgment. Thus, the Magistrate Judge was not under any obligation to consider evidence not identified by the moving party. Rather, Defendant simply failed to satisfy his initial responsibility under Celotex and Rule 56.

Likewise, there is no requirement that this Court must, on its own, scour the record to find an absence of a genuine issue of material fact. See, e.g. Tomasini v. Mt. Sinai Med. Ctr of Fla., 315 F. Supp. 2d 1252, 1260 n.11 (S.D. Fla. 2004) (noting that the Court is not required to "scour the record" to make a determination if a genuine issue of fact exists). Again, Defendant is required under Celotex and Rule 56 to identify

those portions of the record that demonstrate an absence of a genuine issue of material fact. Defendant, however, failed to identify where, in Plaintiff's 167-page deposition, the Court could find an absence of a genuine issue of material fact. Although it had no obligation to do so, the Court nevertheless performed a cursory review of Plaintiff's deposition and was unable to find any testimony that would resolve the genuine issues of material fact presented in this case.

## CONCLUSION

For the reasons set forth above, the Court agrees with the Magistrate Judge's findings and conclusion that a genuine issue of material fact is present in this case. Therefore, Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment [Doc. 18] is **DENIED**. The Recommendation of the United States Magistrate Judge [Doc. 36] is **ADOPTED** and **MADE THE ORDER OF THE COURT**.

**SO ORDERED,** this 30th day of September, 2011.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH/jlr/ssh