# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **WILLIE FRANK WRIGHT, JR.,** : | |
| : | |
| **Plaintiff,** : | |
| : | NO. 5:10-CV-272 (CAR) |
| VS. : | |
| : | |
| **OFFICER LANGFORD,** *et al.,* : | |
| : | Proceedings Under 42 U.S.C. §1983 |
| **Defendants.** : | Before the U.S. Magistrate Judge |
| _____ : | |

## RECOMMENDATION

Before the Court is Defendant Officer Langford's Motion for Summary Judgment alleging that Plaintiff failed to exhaust his administrative remedies prior to filing this action and that Plaintiff has failed to establish the existence of any genuine disputes of material fact regarding his excessive force claim against Langford. Doc. 26. Because the evidence indicates that Plaintiff failed to exhaust his administrative remedies by filing a timely grievance or by seeking permission to file a grievance out of time, it is **RECOMMENDED** that the Motion be **GRANTED**.

## LEGAL STANDARD

In accordance with Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted if "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" Fed.R.Civ.P. 56(a). A genuine dispute of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes

-1-

demonstrate the absence of a genuine issue of a material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). If the moving party meets this burden, the burden shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the moving party is not entitled to judgment as a matter of law. Id. at 324–26. If the evidence presented by the nonmovant is "not significantly probative" or is "merely colorable," then summary judgment may be granted. Anderson, 477 U.S. at 249. In fact, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial ." Celotex, 477 U.S. at 322.

## DISCUSSION

### Excessive Force Claim

The evidence in this case presents genuine issues of material fact regarding Plaintiff's claim that Defendant Langford used excessive force against him in violation of the Eighth Amendment. On review of a Motion for Summary Judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).

Pursuant to the above, and with regard to Plaintiff's claim against Defendant Langford, the facts are as follows: On May 6, 2010, Plaintiff was involved in a physical altercation with another inmate. After the altercation was broken up by other inmates, Plaintiff was handcuffed by Defendant Langford. In response to his complaint that the handcuffs were too tight, Langford allegedly jerked Plaintiff's arms up behind him and told him to "man up." Plaintiff was then taken the jail's booking area where the handcuffs were removed and he was placed in a holding cell. He was examined by a jail nurse, who told him the doctor would order x-rays. Plaintiff remained in the

holding cell and was given an ice pack. The following day, Plaintiff was taken to the hospital and given an x-ray. The results of this x-ray revealed that Plaintiff had a minor wrist fracture.

To establish a claim for excessive use of force under the Eighth Amendment, an inmate must present evidence to show that the force was applied "maliciously and sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320-21 (1986). Courts and juries evaluating claims of excessive force consider five factors "relevant to ascertaining whether force was used 'maliciously and sadistically for the very purpose of causing harm.'" Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999)(quoting Whitley, 475 U.S. at 321)). These five factors are:

>   (1) the extent of injury;
>
>   (2) the need for application of force;
>
>   (3) the relationship between that need and the amount of force used;
>
>   (4) any efforts made to temper the severity of a forceful response; and
>
>   (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.

Id. Based on the evidence in this case, there are, at the very least, serious concerns about the need for the application of force, the relationship between that need and the amount of force used, and the cause and extent of the Plaintiff's resulting injury.

Stated another way, based on the evidence, a jury could find that there was no need for the use of force against Plaintiff after the altercation was over and after Plaintiff had been restrained. This evidence, along with evidence that the force used was of such magnitude that it could, and indeed did, fracture a bone in Plaintiff's wrist, could lead a reasonable jury to conclude that Langford's use of force was imposed solely for the purpose of inflicting pain in a sadistic and

malicious fashion. Consequently, Langford has failed to show that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law.

### Exhaustion of Administrative Remedies

Although there are genuine issues of material fact about the use of force in this case, the evidence shows that Plaintiff failed to exhaust his administrative remedies prior to filing suit in federal court. The evidence shows that Plaintiff filed a grievance on May 12, 2010, six days after the incident in question in this case. Before going on to raise claims about denial of medical care, the May 12 grievance states, "My hand is fractured your officers hand cuffed me behind my back." This grievance was untimely because it was filed one day after the five-day time period prescribed in the jail's grievance policy.

Wright does not dispute that he filed a grievance concerning the incident on May 12, 2010. He explains, however, that he was unaware of the five-day time period because he was not provided with a grievance handbook. He also states that he filed a separate grievance referring specifically to Langford, but contends that the separate grievance was "suppressed" by jail officials.

Where, as here, the affirmative defense of failure to exhaust is raised, review involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in support of the argument as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal when the plaintiff's version of the facts is accepted as true, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id.

It is undisputed that Plaintiff's May 12 grievance was untimely, and therefore insufficient to exhaust his administrative remedies. The Eleventh Circuit has stated that "an untimely grievance

does not satisfy the exhaustion requirement of the PLRA." Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005). There is no indication that Plaintiff sought leave to file his grievance out of time. Moreover, Plaintiff's representation that he was unaware of the grievance procedure is not particularly credible. Plaintiff is an experienced litigator who has filed nine lawsuits in this Court. In one of those lawsuits, he admitted that he was a frequent participant in the grievance procedure, explaining, "I filed so many grievances while I was at the jail, the form should be called "Willie" or named after me." See Wright v. Waller, Case No. 5:10-cv-254 (MTT), June 15, 2011 Report and Recommendation (Doc. 26), p. 3 n. 2.

Plaintiff's representation that jail officials "suppressed" a second grievance also lacks credibility. In support of their motion, Defendants have submitted all the grievance forms Plaintiff filed at the Baldwin County Jail in 2010, including grievances related to some of his other cases in this Court. There is only one grievance related to his allegation that Langford forcefully handcuffed him, and that grievance was filed on May 12, 2010. There is no reason to credit Plaintiff's bald assertion that the jail suppressed another grievance related to the same incident, filed at some unspecified time.

## Conclusion

In accordance with the above, **IT IS RECOMMENDED** that Defendant Langford's Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 14th day of February, 2012.

                                                       s/ Charles H. Weigle
                                                       Charles H. Weigle
                                                       United States Magistrate Judge