IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **WILLIE FRANK WRIGHT, JR.,** | : | |
| | : | **CASE NO.** |
| **Plaintiff,** | : | **5:10-CV-272 (CAR)** |
| | : | |
| **v.** | : | |
| | : | |
| **OFFICER LANGFORD, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |

ORDER ON RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Currently before the Court is the Recommendation of the United States Magistrate Judge [Doc. 44] to grant Defendant Officer Langford's Motion for Summary Judgment [Doc. 26] based on Plaintiff's failure to exhaust his administrative remedies. Both parties filed timely objections, and Plaintiff filed a response to Defendant Langford's objections. [Docs. 45, 46, and 48]. After a *de novo* review of those portions of the Recommendation that were objected to, as well as the relevant case law, the Court agrees with the Magistrate Judge's findings and conclusions. The Recommendation [Doc. 44] is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT.**

Plaintiff claims that he sustained a fractured wrist when Defendant Langford used excessive force to handcuff Plaintiff after an altercation with another prisoner. Plaintiff filed a grievance six days after the incident in question, one day after the five-

1

day limitations period established in the Baldwin County Sheriff's Office Inmate Handbook. The Magistrate Judge found that Plaintiff did not exhaust his administrative remedies because he did not file a timely grievance or seek to file a grievance out of time, and thus he recommended that the Court grant summary judgment to Defendant Langford.

## Applicable Standard

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), states that no action under 42 U.S.C. § 1983 may be brought by a prisoner "until such administrative remedies as are available are exhausted." Exhaustion means that the prisoner must complete the administrative review process and follow all procedural rules, including deadlines. Mason v. Bridger, 261 Fed. App'x 225, 228 (11th Cir. 2008). Section 1997e(a) eliminates judicial discretion and mandates strict exhaustion, "irrespective of the forms of relief sought and offered through administrative avenues." Johnson v. Meadows, 418 F.3d 1152, 1154 (11th Cir. 2005) (citing Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001)).

In deciding exhaustion issues, the Court must engage in a two-step analysis, first looking to the facts behind the exhaustion arguments, as well as to Plaintiff's response. Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). If, when Plaintiff's version of the facts is taken as true, the complaint is not subject to dismissal, the Court must "make

specific findings in order to resolve the disputed factual issues related to exhaustion."
Id. at 1082.

## Plaintiff's Objections

In objecting to the Recommendation, Plaintiff insists that (1) he never received an inmate handbook, was not aware of the prison's five-day limitations period, and therefore he could not have filed an untimely grievance; and (2) because he is right-handed and fractured his right wrist, he was unable to complete the grievance form until he received a wrist brace six days after the incident.  Essentially Plaintiff's argument is that the prison's administrative remedy was not "available" within the meaning of the PLRA.  Thus, when viewing Plaintiff's version of the facts as true, his complaint is not subject to dismissal.

Thus, the Magistrate Judge engaged in the second step of the Turner analysis, and found Plaintiff's assertions not credible.  As the Magistrate Judge noted, Plaintiff admitted that he has filed more grievances than Plaintiff can count.  Clearly, then, he is aware of the grievance process.  Indeed, in a separate suit, Plaintiff joked that the grievance form should be renamed after him.  Finally, the Magistrate Judge noted that Plaintiff has filed nine lawsuits in this Court and thus has significant litigation experience.

In his objection, Plaintiff asserts that his jest was regarding the *form*, not the grievance procedure itself.  Nevertheless, this Court, like the Magistrate Judge, finds it difficult to believe that an inmate so experienced with the grievance process would be completely unaware of the timeline involved.  In addition, Defendant Langford submitted the affidavit of Jeff Petty, the Jail Administrator for the Baldwin County Jail at the time Plaintiff was an inmate there.  Petty attests that each inmate is given a copy of the prison's handbook, which clearly spells out the grievance process and the five-day limitations period.[1]  Petty also states that each detention officer who deals with inmates is trained to provide information on the grievance process. [Doc. 26, Ex. A].

Plaintiff also argues that he was unable to write for six days because of his injury, and therefore he could not complete the grievance form until he received a brace on the sixth day.  However, Plaintiff has not shown that he was unable to seek assistance from another inmate or a staff member, which the Inmate Handbook specifically contemplates: "If you are unable to complete the grievance [form], you may obtain assistance from another inmate [or] a staff member in completing the grievance form." [Doc. 26, Ex. A].  Ultimately, the Court agrees with the Magistrate Judge's conclusion that Plaintiff's arguments are not credible.

---

[1] Plaintiff submitted the affidavit of another inmate, Robert Alexander, who attests that he never received an inmate handbook.  However, this affidavit does not specifically attest that Plaintiff failed to receive an inmate handbook.

**Defendant Langford's Partial Objection**

Defendant Langford also filed a partial objection to the Recommendation, arguing that the Recommendation could be affirmed on the alternate ground that Plaintiff's grievance did not properly raise an excessive force claim.[2]  Defendant asserts that Plaintiff's grievance form did not meet the PLRA's exhaustion requirement because it did not contain sufficient detail regarding the May 6, 2010 incident.  Specifically, Defendant cites Brown v. Sikes, 212 F.3d 1205 (11th Cir. 2000), and argues that Plaintiff's form was insufficient because he failed to name Defendant Langford or mention excessive force.  The level of specificity required is dictated by the prison's grievance policy, not by the PLRA.   Jones, 549 U.S. at 218 (holding that "the level of detail necessary in a grievance to comply with the grievance requirements will vary from system to system and claim to claim, but it is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion").

Here, Baldwin County's grievance process requires prisoners to "fully state the time, date, names of . . . staff and inmates involved, names of witnesses, and a narrative of the incident." [Doc. 26, Ex. A].  The grievance form itself states, "You must use specific information concerning your grievance including damages, names of persons

---

[2] Defendant Langford also raised the issue of qualified immunity and argued that the Recommendation improperly found a fact issue on excessive force.  However, because the Court finds Plaintiff failed to exhaust his administrative remedies and grants Defendant Langford's Motion for Summary Judgment, these objections are moot.

involved and witnesses." <u>Id.</u>  Plaintiff's grievance only states, "My hand is fractured your officers handcuffed me behind my back." <u>Id.</u>  As Defendant notes, the grievance form does not mention excessive force, Officer Langford's name, or any allegations that Plaintiff was handcuffed too tightly or that Officer Langford jerked up on the handcuffs.

Plaintiff responds that he filed a grievance with specific facts regarding Defendant Langford's behavior, but this grievance was "suppressed" by prison officials.  The Court agrees with the Magistrate Judge's conclusion that this statement lacks credibility.  In addition, "in order to demonstrate that administrative remedies were 'unavailable' Plaintiff must point to specific facts showing that prison staff inhibited him from utilizing the grievance process." <u>Sims v. Holloway</u>, No. CV310-037, 2011 WL 3160907, at *4 (S.D. Ga. Jun. 17, 2011).  Plaintiff has failed to do so and has therefore failed to exhaust his administrative remedies on the alternative ground that his grievance failed to state a proper claim.

## Conclusion

The Recommendation [Doc. 44] of the Magistrate Judge is hereby **ADOPTED** and **MADE THE ORDER OF THIS COURT**.  Defendant Langford's Motion for Summary Judgment [Doc. 26] is **GRANTED.**

SO ORDERED, this 29th day of March, 2012.


S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT


AES/ssh