IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE FRANK WRIGHT, JR., | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:10-CV-272 (CAR) |
| OFFICER LANGFORD, *et al.* | : | |
| | : | |
|     Defendant. | : | |
| _____ | : | |

### ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO SET ASIDE ORDER

Before the Court is *pro se* Plaintiff Willie Frank Wright, Jr.'s Motion for Reconsideration [Doc. 58] and his Motion to Set Aside the Court's Order Adopting the Magistrate Judge's Recommendation construed as a Motion to Reopen the Time to Appeal [Doc. 59].[1]

### BACKGROUND

Plaintiff filed the instant action against Defendants Officer Langford and Dr. Theron Harrison alleging excessive force and deliberate indifference claims, respectively, under 42 U.S.C. § 1983. As it presently stands, the Court has denied

---

[1] As of the date of this Order, Defendant Langford has not filed a response, and the time to do so has not yet expired. Nevertheless, in this instance, the Court finds a response to be unnecessary.

1

Defendant Harrison's motion for summary judgment with respect to Plaintiff's deliberate indifference claim. This matter is presently scheduled for a pretrial conference on July 26, 2012, and scheduled for trial in the fall. On March 29, 2012, the Court adopted the Magistrate Judge's Recommendation and granted summary judgment as to Plaintiff's excessive force claim against Defendant Harrison. Therein, the Court concluded that Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

There is no indication in the record that Plaintiff was notified of the Court's March 29 Order until July 9 when the Court directed the Clerk of Court to mail Plaintiff a copy. On July 17, less than ten days after mailing Plaintiff a copy of its March 29 Order, Plaintiff filed the instant Motions. Plaintiff also filed a Notice of Appeal of the Court's March 29 Order.[2] At present, the Court has not entered final judgment in this action.

Motion for Reconsideration

---

[2] Although the Court concludes that Plaintiff's Notice of Appeal of the Court's March 29 Order is timely, the Court nevertheless finds, as discussed below, that the Court's March 29 Order is not a final and appealable order. Perez-Priego v. Alachua Cnty. Clerk of Court, 148 F.3d 1272, 1273 (11th Cir. 1998) (citations omitted). Accordingly Plaintiff's filing of his Notice of Appeal did not confer jurisdiction over the case from this Court to the United States Courts of Appeals for the Eleventh Circuit. See United States v. Kapelushnik, 306 F.3d 1090, 1094 (11th Cir. 2002) (holding that "a premature notice of appeal does not divest the district court of jurisdiction over the case").

2

To begin, the Court concludes that Plaintiff did not receive proper notice of the Court's March 29 Order granting Officer Langford's Motion for Summary Judgment. The record is bereft of any indication that the Court's Order was mailed to Plaintiff until July 9. Less than ten days after the Court mailed Plaintiff a copy, Plaintiff filed the instant Motion. Accordingly, the Court concludes that Plaintiff did not receive proper notice of the Court's Order pursuant to Rule 77(d) of the Federal Rules of Civil Procedure, and thus Plaintiff's Motion for Reconsideration is timely filed under Rule 59(e).

The Court next considers the merits of Plaintiff's Motion. Local Rule 7.6 provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "it is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly." <u>Krstic v. Princess Cruise Lines, Ltd. (Corp.)</u>, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010). Accordingly, Courts grant these motions in three limited circumstances: (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice. <u>Id.</u>; <u>see</u> Fed. R. Civ. P. 59(e). Most importantly, "[a] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined."

3

Pennamon v. United Bank, 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (quotation omitted).

After reviewing his Motion, it is apparent that Plaintiff merely reasserts and substantiates several arguments he advanced (or could have advanced) in his Objection to the Magistrate Judge's Recommendation. Plaintiff does not provide the Court with any intervening change in the law, new evidence, or the need to correct clear error or manifest injustice. Accordingly, Plaintiff's Motion for Reconsideration [Doc. 58] is **DENIED**.

Motion to Reopen Time to Appeal

In his Motion, Plaintiff requests that the Court "either reenter the Order or accept [his] notice of appeal as very timely." [Doc. 59]. Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, the district court may reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered if: 1) a party did not receive proper notice of the order sought to be appealed within twenty-one days after entry; 2) the party files its motion with fourteen days after receiving notice; and 3) no party would be prejudiced. Fed. R. App. 4(a)(6)(A). Here, the Court concludes that Plaintiff did not receive proper notice of the Court's March 29 Order and that no party would be prejudiced by reopening the time to appeal.

Accordingly, because Plaintiff filed his Notice within fourteen days after receiving notice of the Court's Order, the Court reopens the time to file an appeal.

Notwithstanding, Plaintiff's Notice of Appeal is premature because the Court has not entered final judgment as to Plaintiff's claims against Officer Langford. See 28 U.S.C. § 1292. To the extent that Plaintiff requests that this Court certify his claim against Officer Langford as a partial judgment for the purposes of appeal, the Court concludes that such a request is unwarranted. Rule 54(b) of the Federal Rules of Civil Procedure permits a district court to enter "final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Otherwise, partial adjudication of a case, in terms of claims or parties, does not conclude the case, and the partial adjudication is generally not appealable. Fed. R. Civ. P. 54(b); Lloyd Noland Foundation Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007). Certification of a partial judgment is only appropriate in "unusual case[s]," and district courts are "counseled … to exercise the limited discretion afforded by Rule 54(b) conservatively." Ebrahimi v. City of Huntsville Bd. of Educ., 144 F.3d 162, 165 (11th Cir. 1997).

In deciding whether to certify a partial final judgment, "[a] district court must follow a two-step analysis." Lloyd Noland Foundation, Inc., 483 F.3d at 777. "First,

the court must determine that its final judgment is, in fact, both "final" and a "judgment."  Id.  In this case, Plaintiff seeks Rule 54(b) certification for the grant of summary judgment to Defendant Langford.  The Court's March 29, 2012 Order, granting summary judgment to Defendant Langford, was unquestionably "an ultimate disposition of an individual claim entered in the course of a multiple claims action and a judgment in the sense that it [was] a decision upon a cognizable claim for relief."  Lloyd Noland Foundation, Inc., 483 F.3d at 777 (internal quotation marks and citations omitted).  Therefore, the first step of the 54(b) analysis is satisfied.

Assuming the judgment is final, the "court must then determine that there is 'no just reason for delay' in certifying it as final and immediately appealable."  Id.  This determination is within the discretion of the trial court.  Id.  The inquiry "requires the district court to balance judicial administrative interests and relevant equitable concerns."  Ebrahimi, 114 F.3d at 165–66.  The focus on judicial administrative interests "preserves the historic federal policy against piecemeal appeals."  Id. (citation omitted).  The focus on equitable concerns limits certification to those rare occasions where "immediate appeal would alleviate some danger of hardship or injustice associated with delay."  Id. (citation omitted).

Here, Plaintiff presents no arguments or facts warranting the certification of partial judgment. Balancing the judicial administrative interests and relevant equitable concerns, the Court is unaware of any reason why such a certification would be proper. Additionally, the Court is unaware of any facts that render the instant action to be "unusual" and therefore appropriate for such a partial judgment. Accordingly, the Court declines to enter partial final judgment with respect to Plaintiff's claim against Defendant Langford. Therefore, Plaintiff's Notice of Appeal, although timely pursuant to Rule 4 of the Federal Rules of Appellate Procedure, is nevertheless improper. Accordingly, to the extent that Plaintiff requests this Court certify partial final judgment, Plaintiff's Motion is **DENIED**.

## CONCLUSION

Based on the foregoing, the Court concludes that Plaintiff's Motion for Reconsideration [Doc. 58] is **DENIED**, and Plaintiff's Motion to Reopen Time to File Appeal [Doc. 59] is **GRANTED in part** and **DENIED in part**. To the extent that Plaintiff requests that this Court reopen the time from which to file an appeal, Plaintiff's Motion is **GRANTED**. However, to the extent that Plaintiff requests that this Court grant certification of partial final judgment so that Plaintiff may appeal the Court's Order of March 29, 2012, Plaintiff's Motion is **DENIED**. Of course, this Order

does not preclude Plaintiff's ability to ever file an appeal in this matter. Once judgment is entered in Plaintiff's claim against Defendant Harrison, the Court will enter final judgment in this matter, thereby allowing Plaintiff to appeal the entire action, including the Court's March 29 Order dismissing Plaintiff's excessive force claim.

**SO ORDERED,** this 20th day of July, 2012.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH/ssh