# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| WILLIE FRANK WRIGHT, | : | |
| Plaintiff, | : | |
| v. | : | No.5:10-CV-272 (CAR) |
| THERON HARRISON, | : | |
| Defendant. | : | |

## ORDER ON PLAINTIFF'S
## MOTION TO OBTAIN TRANSCRIPTS

Before the Court is Plaintiff Willie Frank Wright's Motion to Obtain Transcripts [Doc. 78]. Specifically, Plaintiff requests a copy of the transcripts of the pretrial conference held on July 26, 2012, and his one day civil jury trial, held on August 20, 2012. After duly considering the applicable law and facts, Plaintiff's Motion to Obtain Transcripts [Doc. 78] is **DENIED**.

On July 19, 2010, Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983, against Defendants Harrison, Langford, and Hargroven. Therein, Plaintiff alleged that Defendants were deliberately indifferent to his serious medical needs for failing to provide timely medical care. Plaintiff's action proceeded to trial with respect to his claim against Defendant Harrison; his claims against the remaining Defendants were

dismissed.  At trial, after the close of evidence and prior to closing arguments, the Court granted Defendant's motion for judgment as a matter of law.  On August 28, 2012, judgment in favor of Defendant Harrison was entered.  Subsequently on September 24, 2012, this Court denied Plaintiff's motion for leave to file an appeal *in forma pauperis* ("IFP"), certifying in writing that Plaintiff's appeal was not taken in good faith.  Presently before the Court is Plaintiff's Motion to Obtain Transcripts to assist in this appeal.

It has long been held that a copy of a transcript in a civil action is not to be furnished at government expense.[1]  18 U.S.C. § 1915 provides, in pertinent part, that for IFP proceedings, "the court may direct payment by the United States of the expenses of … printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court."[2]  In *Doe v. Pryor*,[3] the court noted that section 1915(c) is "limited expressly" to "plaintiffs proceeding in forma pauperis…in preparation for appellate proceedings."[4]

Here, the Court denied Plaintiff's motion for leave to appeal IFP, certifying in writing that Plaintiff's appeal was not taken in good faith.  Because Plaintiff is not

---

[1] *McClure v. Salvation Army*, 51 F.R.D. 215, (N.D. Ga. 1971) (citing *Estabrook v. King*, 119 F.2d 607 (8th Cir. 1941)).
[2] 18 U.S.C. § 1915(c).
[3] 61 F. Supp. 2d 1235 (N.D. Ga. 1999).
[4] *Id.* at 1236.

proceeding IFP, he is therefore not entitled to receive transcripts at the expense of the Government.  Plaintiff's Motion to Obtain Transcripts [Doc. 78] is **DENIED**.

    **SO ORDERED,** this 5th day of October, 2012.

                                                <u>S/  C. Ashley Royal</u>
                                                C. ASHLEY ROYAL
                                                UNITED STATES DISTRICT JUDGE

LMH