IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE FRANK WRIGHT, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No.5:10-CV-272 (CAR) |
| THERON HARRISON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Before the Court is *pro se* Plaintiff Willie Frank Wright, Jr.'s Motion for Reconsideration or Retrial [Doc. 82]. For the foregoing reasons, Plaintiff's Motion [Doc. 82] is **DENIED**.

Local Rule 7.6 contemplates motions like the one at bar but warns that "Motions for Reconsideration shall not be filed as a matter of routine practice."[1] Such motions are only appropriate if the movant can show: "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest

---

[1] L.R. 7.6.

injustice."[2]  "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined."[3]  Inasmuch, "[c]ourt opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."[4]

It is unclear as to what exactly Plaintiff requests that this Court reconsider.  To the extent that Plaintiff requests that this Court reconsider its August 28, 2012 entry of judgment in favor of Defendant, Plaintiff's request fails to meet any of the standards discussed above.  Plaintiff represents that he did not receive notice of Nurse Smith's testimony prior to trial and that her testimony contradicts Defendant's affidavit.  However, a motion to reconsider is not a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."[5]  At no point during his trial did Plaintiff object to such testimony for either of the reasons listed above.  Nor did Plaintiff use Defendant's affidavit as impeachment evidence, a decision that Plaintiff certainly could have made during the trial.[6]

---

[2] *Wallace v. Ga. Department of Transp.*, No. 7:04-cv-78 (HL), 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006) (slip copy) (citing *McCoy v. Macon Water Auth.*, 966 F.Supp. 1209, 1222–23 (M.D. Ga. 1997)).
[3] *Id*. (quoting *Am. Ass'n of People with Disabilities v. Hood*, 278 F.Supp.2d. 1337, 1340 (M.D. Fla. 2003) (quotation and citation omitted).
[4] *Id.*
[5] *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted); *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of motion to reconsider to afford a litigant "two bites at the apple").
[6] To the extent that Plaintiff argues he should have been allowed to admit the "pleadings" as evidence, the Court reminds Plaintiff that it did not expressly exclude pleadings as evidence.  Instead, because the

Plaintiff also contends that the Court did not allow an attorney to enter an appearance for Plaintiff during voir dire.  However, such a contention is not grounds for a new trial nor is it grounds for a motion for reconsideration.  Additionally, the record is clear that the attorney Plaintiff is referring to was a potential juror excused for cause after he responded affirmatively to the Court's regarding prior knowledge of the case.  Thus, the Court did not, as Plaintiff contends, preclude this attorney from representing Plaintiff.  Moreover, even if this attorney was to attempting to represent Plaintiff (despite the clear circumstances indicating otherwise) the attorney failed to enter a notice of appearance pursuant to Local Rule 83.1.3.

To the extent that Plaintiff requests a new trial, Plaintiff's request is also due to be denied.  Rule 59 of the Federal Rules of Civil Procedure governs motions for new trial and generally provides that a new trial may be granted "on all or some of the issues—and to any party—… after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."[7]  The Eleventh Circuit has specifically instructed that a motion for new trial should be granted when "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the

---

Court was unclear what "pleadings" Plaintiff was referring to, the Court ruled that if Plaintiff wished to admit such pleadings as evidence, he would first need to show the Court the document he wanted to admit.  Notwithstanding, Plaintiff did not attempt to admit any relevant "pleadings" at trial.
[7] Fed. R. Civ. P. 59(a).

direction of a verdict."[8]  Additionally, "[b]ecause it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence."[9]  Here, as indicated above, Plaintiff has not offered any factual or legal basis upon which the Court could conclude that the verdict is against the clear weight of the evidence or will result in a miscarriage of justice.

Based on the aforementioned reasons, the Court concludes Plaintiff's Motion is this without merit, and neither a reconsideration nor new trial is warranted in this circumstance.  Thus, Plaintiff's Motion for Reconsideration or Retrial [Doc. 58] is **DENIED**.

**SO ORDERED,** this 11th day of October, 2012.

                                    S/  C. Ashley Royal
                                    C. ASHLEY ROYAL
                                    UNITED STATES DISTRICT JUDGE

LMH

---

[8] *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001) (internal quotations and citations omitted).
[9] *Id.*; *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1559 (11th Cir. 1984) ("The trial judge's discretion to set aside a jury verdict based on the great weight of the evidence is very narrow," and is limited to "protect[ing] against manifest injustice in the jury's verdict.").