IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE FRANK WRIGHT, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:10-CV-272 (CAR) |
| DR. THERON HARRISON, et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

Before the Court is Plaintiff Willie Frank Wright Jr.'s Motion for Recusal [Doc. 89] and Request for Hearing [Doc. 90]. Although Plaintiff has filed a notice of appeal regarding the underlying action [Doc. 74] and the Court's denial of Plaintiff's motion to appeal *in forma pauperis* [Doc. 88], the Court concludes that this Motion is not an issue on appeal, and thus the Court has jurisdiction to consider Plaintiff's Motion.[1] Accordingly, the Court finds that it has jurisdiction to consider Plaintiff's Motion.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[2] Any doubt "must be resolved in favor of recusal."[3] When

---

[1] *See Mahone v. Ray*, 326 F.3d 1176, 1178 (11th Cir. 2003) ("the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal").
[2] 28 U.S.C. § 455(a).
[3] *See Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001).

considering recusal, the potential conflict must be considered as it applies to the entire case.[4] A judge contemplating recusal should not ask whether he believes he is capable of impartially presiding over the case but whether "[the judge's] impartiality might reasonably be questioned."[5] However, a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.[6]

Plaintiff requests that the undersigned recuse himself from the instant action because of alleged ex parte contacts with Defendant's insurance company. Plaintiff's Motion, however, is without merit. At the pretrial conference, the Court denied Plaintiff's request to ask a voir dire question concerning stock ownership of Defendant's malpractice insurance company pending Defendant's filing of sufficient confirmation that the insurance company was owned solely by physicians. The Court concluded that if the insurance company was as Defendant represented, then Plaintiff's question was duplicative of other voir dire questions concerning medical training. On August 16, 2012, Defendant provided the Court with a letter from the insurance company confirming Defendant's representations. The Court accepted Defendant's filing as sufficient and denied Plaintiff's voir dire request. Although the letter expressed a willingness to discuss any questions the Court may have, the Court found that any such follow up was unnecessary.

---

[4] *Id.* at 1310-11.
[5] *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1998).
[6] *United States v. Malmsberry*, 222 F. Supp. 2d 1345 (11th Cir. 2002) (citation omitted).

Accordingly, Plaintiff's Motion does not present the Court with grounds for recusal as the Court did not initiate any contact with Defendant's malpractice insurance company ex parte. The letter was ordered by this Court pursuant to Plaintiff's objection at the pretrial conference and is part of the record. Upon receiving the letter, the Court found it was sufficient confirmation of Defendant's representations and thus did not make any follow up determinations. Plaintiff's Motion [Doc. 89] and Request for Hearing [Doc. 90] is thus **DENIED**.

**SO ORDERED,** this  23rd day of October, 2012.

> S/  C. Ashley Royal
> C. ASHLEY ROYAL
> UNITED STATES DISTRICT JUDGE

LMH